## Thomas Parker and another v. Andrew J. Grinnell.

*Services: Agency: Evidence: Cross-examination.* In an action for services in purchasing and shipping sheep for defendants, it is error on cross-examination of a witness who has given evidence tending to show the purchase from witness by plaintiff of certain specified sheep for defendants, to exclude the inquiry as to who paid him for such sheep; the payment in completion of the bargain might direct the jury to the principal for whom the purchase was made with quite as much certainty as any testimony of witnesses as to their mere understanding; the inquiry is relevant and important.

*Submitted on briefs April 20. Decided June 6.*

Error to Calhoun Circuit.

*T. G. Pray,* for plaintiffs in error.

*F. A. Stace* and *James H. Campbell,* for defendant in error.

COOLEY, CH. J:

Grinnell sued the plaintiffs in error for the value of his services in purchasing sheep for them and shipping them to Buffalo. The defendants denied ever employing him, and denied any joint interest in the purchase of sheep. Their case was, that the defendant Parker was purchasing sheep through one Bullard as his agent, and that whatever had been done by the plaintiff had been done for Bullard, and without the authority of Parker.

Several exceptions were taken on the trial to the admission or rejection of evidence, only one of which seems worthy of notice. One Tombs, a witness for plaintiff, had given evidence tending to show that the plaintiff had purchased certain sheep known as "the Close and Tombs sheep" for the defendants. On cross-examination, to show that these sheep were actually purchased and paid for by another party, and not by or for the defendants, the witness was asked: "Who paid you for the sheep?" This was objected to and ruled out as irrelevant and immaterial.

To reach the conclusion that such evidence was irrelevant and immaterial, the court must have assumed that the fact of this purchase having been made for the defendants, was already established and indisputable. So long as that was a controverted fact, the payment, by whom made and in whose interest, could not be said to be irrelevant or unimportant. It was, on the contrary, one of the most important facts to be put, with all its circumstances, before the jury, and was calculated to throw quite as much light upon the point in dispute as the bargain itself. The bargain, on the plaintiff's showing, was made by an agent, probably without the mention of any principal; and it certainly cannot be assumed in advance that the payment in completion of the bargain would not direct the jury to the princi-

pal with quite as much certainty as any testimony of witnesses as to their understanding. But whether it would or would not, its relevancy to the issue was plain enough, and the question should have been allowed.

Many exceptions were taken to the charge of the judge. Such of them as are sufficiently certain and specific appear not to be well taken; the others will probably become immaterial on a new trial, which is now ordered, with costs of this court.

The other Justices concurred.